UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21122-BLOOM/Otazo-Reyes**

BENJAMIN GUERRERO,

    Plaintiff,

v.

CITY OF CORAL GABLES, a political
subdivision of the State of Florida,
LEANDRO IZQUIERDO, a resident of the
State of Florida, and ALVARO ESCALONA,
a resident of the State of Florida,

    Defendants.
_____/

CITY OF CORAL GABLES,

    Third-Party Plaintiff,

v.

HILLSTONE RESTAURANT
GROUP, INC.,

    Third-Party Defendant.
_____/

**ORDER ON MOTION TO DISMISS
THIRD-PARTY PLAINTIFF'S COMPLAINT**

**THIS CAUSE** is before the Court upon Third-Party Defendant Hillstone Restaurant Group, Inc.'s ("Hillstone") Motion to Dismiss the Defendant/Third-Party Plaintiff's Complaint, ECF No. [42] ("Motion"). Defendant/Third-Party Plaintiff City of Coral Gables ("Coral Gables") filed a Response in Opposition, ECF No. [45] ("Response"), to which Hillstone filed a Reply, ECF No. [48] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the

applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

I.      **BACKGROUND**

On August 13, 2021, Coral Gables filed its Third-Party Complaint, asserting a single count of breach of contract against Hillstone. *See* ECF No. [38] at 24-25. In the Third-Party Complaint, Coral Gables alleges that on or about September 26, 2018, Coral Gables and Hillstone entered into a contract ("Permit Application"), in which Coral Gables agreed to provide off-regular-duty officers to Hillstone during its operating hours. *See id.* ¶ 26. The Permit Application contains the following indemnification provision:

> [Hillstone] shall indemnify, hold harmless, and defend the City of Coral Gables and its elected officials, officers, employees, agents and affiliates of, from and against all liability, claims, and expense, including reasonable attorney's fees, in connection with any and all claims for injunctive or equitable relief and/or damages whatsoever for personal or bodily injury or death, including loss of use, or property damage or destruction of tangible or personal property including loss thereof or expenses of every kind and character, in connection with and arising directly or indirectly out of this contract or the performance thereof.

*See* ECF No. [38-3] at 2; *see also* ECF No. [38] at 24-25, ¶ 27.

On November 16, 2018, Officers Leandro Izquierdo and Alvaro Escalona (collectively "Officers"), who are sworn police officers for Coral Gables, were present at Hillstone performing their duties in accordance with the Permit Application. *See id.* at 23, ¶ 18. Hillstone requested that the Officers escort Benjamin Guerrero ("Plaintiff") off the premises at Hillstone after Plaintiff had a verbal altercation with Hillstone's Assistant Manager. *See id.* at 23, ¶¶ 15-16. Plaintiff physically resisted both Officers and pushed them several times before the Officers escorted Plaintiff out of Hillstone's premises. *See id.* at 24, ¶ 21. Plaintiff subsequently sued Coral Gables and the Officers for false arrest. *See id.* at 24, ¶ 24. Coral Gables served Hillstone a demand to indemnify Coral

Gables pursuant to the indemnification provision in the Permit Application, but Hillstone refused to comply, giving rise to the Third-Party Complaint. *See id.* at 25, ¶ 29.[1]

On September 10, 2021, Hillstone filed the instant Motion to Dismiss. *See* ECF No. [42]. In the Motion, Hillstone argues that Coral Gables failed to state a claim against Hillstone because the indemnification provision does not clearly and unequivocally express that Hillstone will indemnify Coral Gables for liability arising from Coral Gables' and its employees' misconduct and because Coral Gables did not set forth the necessary allegations to state a claim for relief. *See generally id*. Hillstone requests that this Court dismiss the Third-Party Complaint, or alternatively, require a more definitive statement. *See id.* at 12. Coral Gables responds that it is not required to allege at this stage of the proceedings that the indemnification provision covers Coral Gables' and its employees' negligence, and that the Third-Party Complaint satisfactorily sets forth the necessary allegations to state a plausible claim for relief. *See generally* ECF No. [45].

## II.    LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting

---

[1] The Third-Party Complaint states that Coral Gables served the demand on Hillstone on "October 9, 2022," but the Court presumes that the date was a scrivener's error and that Coral Gables timely served the demand on Hillstone. ECF No. [38] at 25, ¶ 29.

*Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim for which relief can be granted.

When reviewing a motion under Rule 12(b)(6), the court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III.  DISCUSSION

#### A. Validity of the Indemnification Provision

Hillstone first argues that Coral Gables has failed to state a claim for which relief can be granted because the indemnification provision does not expressly require Hillstone to indemnify or defend Coral Gables for Coral Gables' and its employees' wrongful acts, negligence, and

4

intentional torts. *See* ECF No. [42] at 7. Hillstone contends that Florida courts disfavor attempts to hold a party harmless from its own negligence through indemnity contracts and have enforced such contracts only when the intent to indemnify or defend is expressed in clear and unequivocal terms. *See id.* at 7-9 (citing *Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co.*, 374 So. 2d 487, 489 (Fla. 1979); *Repor Bros., Inc. v. Moore*, 83 So. 3d 903 (Fla. 3d DCA 2012); *Skidmore, Owings and Merrill v. Volpe Constr. Co., Inc.*, 511 So. 2d 642, 645 (Fla. 3d DCA 1987); *Cox Cable Corp. v. Gulf Power Co.*, 591 So. 2d 627, 629 (Fla. 1992); *Univ. Plaza Shopping Center v. Stewart*, 272 So. 2d 507, 510 (Fla. 1973); *Sanislo v. Give Kids the World, Inc.*, 157 So. 3d 256 (Fla. 2015); *Royal Palm Hotel Prop., LLC v. Deutsche Lufthansa Aktiengesellschaft, Inc.*, 133 So. 3d 1108, 1111 (Fla. 3d DCA 2014); *State Dept. of Transp. v. Fla. Keys Elect. Co-Op. Ass'n*, 831 So. 2d 713, 714 (Fla. 3d DCA 2002); and *SEFC Bldg. Corp. v. Block Five Ventures, Inc.*, 645 So. 2d 1116, 1117 (Fla. 3d DCA 1994))._[2]_ Because the indemnification provision does not expressly state that Hillstone will indemnify or defend Coral Gables' and its employees' wrongful acts, negligence, or intentional torts, Hillstone argues that the indemnification provision is inapplicable and that the Third-Party Complaint thus fails to state a claim for which relief can be granted. *See* ECF No. [42] at 7-9. Coral Gables responds that Hillstone's reliance on *Charles Poe* and its progeny is unpersuasive because those cases involved summary judgments or post-trial orders, not orders on motions to dismiss. *See* ECF No. [45] at 9. Therefore, Coral Gables argues that it is not required to allege the validity of the indemnification provision at this stage of the proceedings. *See id.* The Court agrees with Coral Gables.

---

[2] Hillstone's Reply cites several additional cases where Florida courts have addressed the same issue. *See* ECF No. [48] at 6-7 (citing *Zeiger Crane Rentals, Inc. v. Double A Industries, Inc.*, 16 So. 3d 907, 914 (Fla. 4th DCA 2009); *Etiole International, N.V. v. Miami Elevator Company, Inc.*, 573 So. 2d 921, 922 (Fla. 3d DCA 1990); *John W. Eshelman & Sons, Inc. v. Seaboard Coast Line Railroad Company*, 431 So. 2d 345, 346 (Fla. 2d DCA 1983); *Kressley-Davis, Inc. v. Winn-Dixie Stores, Inc.*, 340 So. 2d 501, 502 (Fla. 3d DCA 1976); *On Target, Inc. v. Allstate Floridian Ins. Co.*, 23 So. 3d 180, 185 (Fla. 2d DCA 2009)).

Coral Gables need not plead the validity of the indemnification clause at this stage of the proceedings. *See Osorio v. State Farm Bank, F.S.B.*, 857 F. Supp. 2d 1312, 1315 (S.D. Fla. 2012). In *Osorio*, the third-party defendant filed a motion to dismiss a third-party complaint in which the third-party plaintiff sought indemnification pursuant to a contract. *See id.* at 1313, 1315. In the motion to dismiss, the third-party defendant argued that the third-party complaint did not sufficiently allege that the third-party defendant had to indemnify the third-party plaintiff. *See id.* The court in *Osorio* denied the motion to dismiss, finding that the allegations in the third-party complaint were sufficient to raise a "right to relief under a theory of contractual indemnification above a speculative level." *Id.* In considering the motion to dismiss, the court in *Osorio* did not require the third-party plaintiff to allege whether the indemnification provision expressly stated that the third-party defendant would indemnify the third-party plaintiff for its own wrongful acts, negligence, and intentional torts. *See id.*

Similarly, here, given the terms of the indemnification provision, Coral Gables sufficiently raises a right to indemnification under a breach of contract claim beyond a speculative level. A plain reading of the indemnification clause indicates that Hillstone has agreed to "indemnify, hold harmless, and defend the City of Coral Gables and its elected officials, officers, employees, agents and affiliates of, from and against all liability, claims, and expense, including reasonable attorney's fees, in connection with any and all claims for injunctive or equitable relief and/or damages whatsoever . . . ." ECF No. [38-3] at 2. At this stage of the proceedings, similar to the third-party plaintiff in *Osorio*, Coral Gables is not required to allege whether the indemnification provision expressly states that Hillstone will indemnify Coral Gables for its own wrongful acts, negligence, and intentional torts.

In a footnote, Hillstone attempts to distinguish *Osorio* from the instant case by arguing that the third-party plaintiff in *Osorio* was not seeking to be indemnified for its own negligence or misconduct but that of the indemnitor. *See* ECF No. [48] at 3, n.3. Hillstone argues that the *Osorio* court, therefore, did not need to consider *Charles Poe* and its progeny. *See id.* The Court is not persuaded. The court in *Osorio* did not affirmatively state that *Charles Poe* and its progeny were impertinent because the third-party plaintiff was not seeking to be indemnified for its own misconduct. *See* 857 F. Supp. 2d at 1315. Rather, the *Osorio* court set forth the elements for a contractual indemnification claim and determined that the third-party plaintiff sufficiently alleged all the elements to satisfactorily state a claim for relief. *See* 857 F. Supp. 2d at 1315 ("A contract for indemnity is an agreement by which the promisor agrees to protect the promisee against loss or damages by reason of liability to a third party." (citations and internal quotation marks omitted)). By all indications, the *Osorio* court would have engaged in the same analysis if the third-party plaintiff had sought indemnification for its own negligence or misconduct. Therefore, this Court engages in a similar analysis in the context of a breach of contract claim. Of course, Hillstone may be in a position to claim that the indemnification provision is invalid at the summary judgment stage; however, the *validity* of the indemnification provision is not grounds for dismissal at this stage of the proceedings.

Further, as noted above, Coral Gables correctly points out that none of the many cases cited by Hillstone involves an order on a motion to dismiss, which indicates that third-party plaintiffs should be permitted to proceed past the pleadings stage of the proceedings even if the indemnification provision in question does not expressly cover the third-party plaintiffs' negligence. *See Charles Poe*, 374 So. 2d 487 (reviewing the trial court's summary judgment); *Repor Bros.*, 83 So. 3d 903 (reviewing the trial court's summary judgment); *Skidmore*, 511 So. 2d

7

642 (reviewing the trial court's judgment notwithstanding the jury verdict); *Cox Cable*, 591 So. 2d 627 (reviewing the trial court's summary judgment); *Univ. Plaza Shopping Center*, 272 So. 2d 507 (reviewing the trial court's summary judgment); *Sanislo*, 157 So. 3d 256 (reviewing the trial court's summary judgment); *Royal Palm Hotel Prop.*, 133 So. 3d 1108 (reviewing the trial court's summary judgment); *State Dept. of Transp.*, 831 So. 2d 713 (reviewing the trial court's summary judgment); and *SEFC Bldg. Corp.*, 645 So. 2d 1116 (reviewing the trial court's summary judgment).

Hillstone does not expressly address Coral Gables' argument on this matter and instead cites additional cases in its Reply. *See* ECF No. [48] at 6-7. However, the Court notes that most of the additional cases cited in Hillstone's Reply also do not involve orders on motions to dismiss. *See Etiole International, N.V. v. Miami Elevator Company, Inc.*, 573 So. 2d 921, 922 (Fla. 3d DCA 1990) (reviewing the trial court's summary judgment); *John W. Eshelman & Sons, Inc. v. Seaboard Coast Line Railroad Company*, 431 So. 2d 345, 346 (Fla. 2d DCA 1983) (reviewing the trial court's summary judgment); *Kressley-Davis, Inc. v. Winn-Dixie Stores, Inc.*, 340 So. 2d 501, 502 (Fla. 3d DCA 1976) (reviewing the trial court's final judgment after a jury verdict); *On Target, Inc. v. Allstate Floridian Ins. Co.*, 23 So. 3d 180, 185 (Fla. 2d DCA 2009)) (reviewing the trial court's judgment after a final hearing on the third-party complaint and after resolving the plaintiff's underlying claims against the defendant/third-party plaintiff/indemnitee)).

The only cited case involving an order on a motion to dismiss is *Zeiger Crane Rentals, Inc. v. Double A Industries, Inc.*, 16 So. 3d 907, 914 (Fla. 4th DCA 2009), but *Zeiger* is inapposite to the instant case. *See* ECF No. [48] at 6. In *Zeiger*, the indemnification provision expressly covered the indemnitee's "negligence," and the trial court dismissed a claim for breach of the indemnification provision because the trial court determined that the term "negligence" did not

cover the third-party plaintiff's "gross negligence." *See* 16 So. 3d at 914. The appellate court held that the trial court had erred, and that the indemnification provision covered gross negligence. *See id.* Because negligence was a contractual condition, the *Zeiger* court appropriately considered whether negligence was properly alleged in the third-party complaint. In this case, however, the indemnification provision does not specify negligence as a condition for indemnification. Therefore, *Zeiger* is not instructive to this case, and Coral Gables does not need to allege a condition that is not included in the contract.

Furthermore, even if Coral Gables were required to allege the validity of the indemnification provision, Coral Gables sufficiently alleges that Plaintiff's lawsuit arose from Hillstone's negligence, not Coral Gables' or its employees' wrongful acts, negligence, and intentional torts. Therefore, whether the indemnification provision expressly requires Hillstone to indemnify Coral Gables for its own misconduct is not dispositive. As stated above, when reviewing a motion to dismiss, the court, as a general rule, must accept the non-movant's allegations as true and evaluate all plausible inferences derived from those facts in favor of the non-movant. *See Miccosukee*, 304 F.3d at 1084; *AXA*, 608 F. Supp. 2d at 1353. In this case, when evaluating the Motion to Dismiss the Third-Party Complaint, the Court must accept Coral Gables' allegations as true and evaluate all plausible inferences derived from those facts in favor of Coral Gables. According to Coral Gables, Plaintiff's claim against Coral Gables did not arise from Coral Gables' or its employees' negligence but from Hillstone's negligence in serving Plaintiff to the point of intoxication. *See* ECF No. [38] at 22, 25, ¶¶ 11, 13, 30. As such, accepting Coral Gables' allegations as true, Coral Gables sufficiently alleges that the lawsuit did not arise from its own misconduct, thereby making the indemnification provision applicable regardless of whether the indemnification provision expressly requires Hillstone to indemnify Coral Gables for its own

misconduct.[3] Therefore, Hillstone's argument that the Third-Party Complaint must be dismissed because it fails to establish the validity of the indemnification clause is unavailing.[4,5]

### B. Failure to State a Claim

Hillstone also argues that the Third-Party Complaint fails to include the necessary factual allegations, such as the actual contractual provision requiring indemnification, how Hillstone breached the provision, how Hillstone was negligent, and what duty was purportedly breached. *See* ECF No. [42] at 11-12. Coral Gables responds that the Third-Party Complaint sets forth sufficient allegations for a breach of contract claim against Hillstone. *See* ECF No. [45] at 11-13. According to Coral Gables, the Third-Party Complaint states that Coral Gables and Hillstone entered into a contract, Hillstone refused to indemnify and defend Coral Gables when Plaintiff sued Coral Gables and its employees, and Coral Gables incurred damages in defending this case. *See id.*

---

[3] Hillstone appears to argue that Coral Gables only addresses Coral Gables' alleged negligence and that Coral Gables fails to address other "more egregious" wrongful conduct. ECF No. [48] at 3. A review of Coral Gables' Response indicates the opposite. Coral Gables denies "all wrongdoing" on its part, not only its alleged negligence. *See* ECF No. [45] at 2; *see also* ECF No. [38] at 13-14, ¶¶ 82-89.

[4] Hillstone argues that Plaintiff's Complaint alleges Coral Gables' wrongful conduct, rather than Hillstone's negligence, and that the Court should disregard Coral Gables' allegations of Hillstone's negligence. *See* ECF No. [48] at 4. The Court is not persuaded. The instant Motion is a motion to dismiss the Third-Party Complaint, not the Plaintiff's Complaint. Therefore, the Court must consider the allegations set forth in the Third-Party Complaint and view those allegations in the light most favorable to Coral Gables. *See Miccosukee*, 304 F.3d at 1084; *AXA*, 608 F. Supp. 2d at 1353. Viewing the Third-Party Complaint in such a manner, it is evident that Coral Gables sufficiently alleges that Hillstone's negligence gave rise to the cause of action. *See* ECF No. [38] at 22, 25, ¶¶ 11, 13, 30.

[5] In its Reply, Hillstone also argues that Hillstone's negligence could not have given rise to Plaintiff's Complaint because there is no legally recognized theory or cause of action that could hold Coral Gables vicariously liable for Hillstone's acts. *See* ECF No. [48] at 4. However, whether Coral Gables can be held vicariously liable for Hillstone's acts is inapposite for the purposes of addressing the instant Motion. The contract states that Hillstone will indemnify, hold harmless, and defend Coral Gables for "all liability, claims, and expense, including reasonable attorney's fees, in connection with any and all claims . . . in connection with and arising directly or indirectly out of this contract or the performance thereof." ECF No. [38-3] at 2. A plain reading of the contract indicates that Hillstone agreed to indemnify Coral Gables for "all" claims, irrespective of whether the claims were based on Hillstone's negligence and therefore supposedly without legal basis.

The Court agrees with Coral Gables. Under Florida law, to state a claim for a breach of contract, a plaintiff only needs to allege: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc*., 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co*., 985 So.2d 56, 58 (Fla. 4th DCA 2008)). In this case, the Third-Party Complaint states that Coral Gables entered into a contract with Hillstone, thereby alleging the existence of a contract. *See* ECF No. [38] at 23-24, ¶¶ 17, 26; *see also* [38-3]. The Third-Party Complaint alleges that the contract had an indemnification provision. *See* ECF No. [38] at 24-25, ¶ 27; *see also* [38-3] at 2. The Third-Party Complaint alleges that Hillstone was negligent in serving Plaintiff to the point of intoxication, which contravened Hillstone's policy and caused Plaintiff's lawsuit. *See id.* No. [38] at 22, 25, ¶¶ 11, 13, 30. The Third-Party Complaint further alleges that Plaintiff's lawsuit arises from Coral Gables' actions in performing its contractual obligations. *See id.* at 25, ¶ 28. The Third-Party Complaint claims that Hillstone refused to indemnify Coral Gables in Plaintiff's lawsuit against Coral Gables and the Officers, thereby alleging a material breach of the contract. *See id.* at 25, ¶ 29. Finally, the Third-Party Complaint alleges that Coral Gables had to hire its own defense counsel and pay for the costs of its defense, thereby alleging damages for Hillstone's breach. *See id.* at 25, ¶¶ 30-31. Therefore, Hillstone's argument that the Third-Party Complaint fails to include the necessary factual allegations is not persuasive.[6]

---

[6] In the Response, Coral Gables rightly argues that it is not required to make a *prima facie* case for Hillstone's negligence at this stage of the proceedings. *See* ECF No. [45] at 12-13. The elements of a breach of contract claim do not require Coral Gables to plead Hillstone's negligence. *See Vega v. T-Mobile USA, Inc*., 564 F.3d 1256, 1272 (11th Cir. 2009). The terms of the contract at issue do not require Hillstone's negligence for the indemnification provision to apply. *See* ECF No. [38-3] at 2. Nonetheless, as indicated above, the Court notes that the Third-Party Complaint does satisfactorily allege Hillstone's negligence.

### C. Damages

Hillstone also argues that the indemnification provision is inapplicable because Plaintiff's Complaint against Coral Gables does not seek damages for "personal or bodily injury or death, loss of use, property damage, or destruction of tangible or personal property." ECF No. [42] at 10. According to Hillstone, the indemnification provision only covers damages for the above stated causes, and the economic and non-economic damages that Plaintiff seeks against Coral Gables are not covered by the indemnification provision. *See id*. at 10-11. Coral Gables responds that Plaintiff's Complaint seeks "economic and non-economic damages, including, but not limited to, lost wages, pain and suffering, mental anguish, emotional distress, and legal fees, which are on-going and continuous." ECF No. [1] ¶ 59. Coral Gables argues that because Plaintiff seeks damages "including, but not limited to" the damages specifically alleged, Plaintiff's damages are not a complete description of the damages sought, and the damages could be expanded to include other types of damages specified in the indemnification provision.

The Court agrees with Coral Gables. Coral Gables sets forth a plausible claim for relief because Plaintiff seeks and may be entitled to damages set forth in the indemnification provision. Dismissing the Third-Party Complaint at this stage of proceedings, even though Plaintiff may be entitled to damages expressly covered in the indemnification provision, would be premature. Hillstone notably does not rebut Coral Gables' argument on this matter in its Reply. *See generally* ECF No. [48]. Therefore, Hillstone has failed to meet its burden of demonstrating that Coral Gables' Third-Party Complaint does not state a claim for which relief can be granted.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Hillstone's Motion to Dismiss, **ECF No. [42]**, is **DENIED**.

2. Hillstone shall file a response to the Third-Party Complaint, **ECF No. [38]**, on or before **January 5, 2022**.

3. The Parties shall select a mediator pursuant to Local Rule 16.2, shall schedule a time, date, and place for mediation, and shall jointly file a notice, and proposed order scheduling mediation via CM/ECF in the form specified on the Court's website, http://www.flsd.uscourts.gov, on or before **December 29, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 22, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record