UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21122-BLOOM/Otazo-Reyes

BENJAMIN GUERRERO,

    Plaintiff,

v.

CITY OF CORAL GABLES, a political
subdivision of the State of Florida,
LEANDRO IZQUIERDO, a resident of the
State of Florida, and ALVARO ESCALONA,
a resident of the State of Florida,

    Defendants.
_____/

## ORDER ON MOTION TO AMEND AND/OR SUPPLEMENT ANSWER

**THIS CAUSE** is before the Court upon Defendants Leandro Izquierdo ("Izquierdo"), Alvaro Escalona ("Escalona"), and City of Coral Gables' ("Coral Gables") (collectively, "Defendants") Motion to Amend and/or Supplement Their Answer, ECF No. [69] ("Motion"). Plaintiff Benjamin Guerrero filed a Response in Opposition, ECF No. [73] ("Response"), to which Defendants filed a Reply, ECF No. [74] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

    **I.**    **BACKGROUND**

In the instant Motion, Defendants seek to amend their Answer. Defendants submit that although Defendants articulated immunity as an affirmative defense in their Answer, due to an oversight, they failed to expressly state that they were claiming immunity pursuant to Fla. Stat. § 509.143(3). *See* ECF No. [69]. Defendants seek to expressly cite Fla. Stat. § 509.143(3) in their amended Answer in an abundance of caution. Fla. Stat. § 509.143 states in relevant part as follows:

> (1) An operator may take a person into custody and detain that person in a reasonable manner and for a reasonable time if the operator has probable cause to believe that the person was engaging in disorderly conduct in violation of s. 877.03 on the premises of the licensed establishment and that such conduct was creating a threat to the life or safety of the person or others. The operator shall call a law enforcement officer to the scene immediately after detaining a person under this subsection.
> (2) A law enforcement officer may arrest, either on or off the premises of the licensed establishment and without a warrant, any person the officer has probable cause to believe violated s. 877.03 on the premises of a licensed establishment and, in the course of such violation, created a threat to the life or safety of the person or others.
> (3) An operator or a law enforcement officer who detains a person under subsection (1) or makes an arrest under subsection (2) is not civilly or criminally liable for false arrest, false imprisonment, or unlawful detention on the basis of any action taken in compliance with subsection (1) or subsection (2).

Fla. Stat. § 509.143(1)-(3).[1] In the Response, Plaintiff does not argue that he would be prejudiced by the amendment and instead argues that the Court should not grant leave to amend because Defendants' proposed defense would be futile. *See* ECF No. [73]. Defendants reply that the merits of the proposed defense would be better addressed at summary judgment and that even if the Court were to consider the proposed defense at this stage, the proposed defense would not be futile. *See* ECF No. [74].

## II.    LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "[a] district court need not . . . allow an amendment where there has been undue delay, bad faith,

---

[1] Defendants' Motion was filed more than nine months after the Court's July 9, 2021 deadline to amend pleadings, *see* ECF No. [17] ("Scheduling Order"), and less than one month before the Court's discovery deadline on May 17, 2022, *see* ECF No. [67] ("Amended Scheduling Order").

dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, '[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (citation omitted).

In addition, under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3). Scheduling orders may be modified only "for good cause and with the judge's consent." *See id.* at Rule 16(b). Accordingly, when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Id.* at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment).

Therefore, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Id.* at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. If the movant demonstrates good cause, then the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.*

Through this lens, the Court addresses the instant Motion.

### III. DISCUSSION

#### A. Rule 16(b)

As an initial matter, the parties overlook the fact that an amendment to the Answer would require the Court to extend the deadline to amend the pleadings in the Court's Scheduling Order. *See* ECF No. [17]. Nonetheless, in the interest of judicial economy, the Court construes Defendants' Motion as a motion to not only amend their Answer but also amend the Court's Scheduling Order.

Upon review, the Court finds good cause to extend the amendment deadline in the Court's Scheduling Order. In *Ziegler v. M/V Intermission*, No. 17-CV-60693-BLOOM/Valle, 2017 WL 4119410, at *3 (S.D. Fla. Sept. 18, 2017), this Court determined that there was good cause to modify the Court's scheduling order and allowed the movants to amend their pleadings. The Court reasoned in that case that the amended pleadings would promote judicial efficiency, the non-movant was on notice of the additional claim in the amended pleadings prior to the deadline to amend the pleadings, and there was little to no prejudice caused by the belated amendment. *See id.* The Court further noted in that case that the non-movant did not raise prejudice as a concern. *See id.*

In this case, the proposed amendment appears to be a relatively minor revision that clarifies that Defendants are claiming immunity pursuant to Fla. Stat. § 509.143(3). *See* ECF No. [69] at 7. Similar to the Court's ruling in *Ziegler*, allowing the proposed amendment would promote judicial efficiency. The proposed amendment would clarify the statutory basis for Defendants' affirmative defenses. Further, Plaintiff was on notice of the defense of immunity before the deadline to amend the pleadings because the first, fifth, twenty-sixth, and twenty-seventh defenses assert some form of immunity. *See* ECF No. [69] at 2-3 (quoting ECF No. [38] at 14-20). In addition, there is no prejudice to Plaintiff, especially since Plaintiff represents that he had an opportunity to depose

4

Coral Gables' corporate representative regarding the proposed defense after the Motion was filed. *See* ECF No. [73] at 5; *see also* ECF No. [74] at 4. As such, the Court determines that there is good cause to amend the Court's Scheduling Order.

### B. Rule 15(a)

Having found that good cause exists to extend the Court's deadline to amend the pleadings, the Court now considers whether the Court should grant leave to amend. As noted above, "[a] district court need not . . . allow an amendment where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant*, 252 F.3d at 1163.

First, it is undisputed that there was no undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies on the part of Defendants. Second, as noted above, it is also undisputed that the amendment would not cause undue prejudice to Plaintiff.[2] The only remaining issue, therefore, is whether the amendment would be futile.

Plaintiff argues that the amendment would be futile because his claims against Izquierdo and Escalona are federal claims for which a state's qualified immunity statute provides no defense. *See* ECF No. [73] at 4. Plaintiff also submits that Fla. Stat. § 509.143(3) provides immunity only for officers who arrest individuals whose conduct created "a threat to the life or safety of the person or others." *Id.* at 5. Plaintiff avers that video footage establishes, and Coral Gables' corporate representative testified, that Plaintiff was not creating a threat to life or safety when he was arrested. *Id.* at 5. Plaintiff further submits that Coral Gables cannot rely on the statute because the

---

[2] The Court further notes that Coral Gables settled its claim against Third-Party Defendant Hillstone Restaurant Group, Inc. ("Hillstone") and the proposed amendment does not affect Coral Gables' claim against Hillstone. *See* ECF No. [79].

5

statute only provides immunity for "operators" and "law enforcement officer[s]" and does not expressly provide immunity for municipalities. *See id.*

Defendants reply that addressing the merits of the proposed amendment is more suited for summary judgment. *See* ECF No. [74] at 5. Defendants also argue that even if the Court were to consider the merits of the proposed amendment, the defense of immunity pursuant to Fla. Stat. § 509.143(3) is not futile with respect to Plaintiff's state law claim against Coral Gables.[3] Following Defendants' logic, Plaintiff's claim against Coral Gables is a state law vicarious liability claim based on Izquierdo and Escalona's false arrest and false imprisonment of Plaintiff. Fla. Stat. § 509.143(3) provides immunity for any state law false arrest and false imprisonment claims against Izquierdo and Escalona. By extension, Coral Gables is immune from vicarious liability because the statute provides immunity for Izquierdo and Escalona's actions that form the basis for the vicarious liability claim. In other words, there can be no vicarious liability under state law for the actions of Izquierdo and Escalona if their actions are immune from liability under state law. *See id.* at 5. Defendants further argue that although the text of the statute does not explicitly state that municipalities are entitled to immunity, any reference to municipalities would be redundant given that municipalities always act through their officers in this context. *See id*. According to Defendants, if the statute provides immunity for officers, then the statute logically provides immunity for the municipality. Defendants further submit that there is no case law that supports Plaintiff's interpretation of the statute. *See id.* at 5-6.

The Court agrees with Defendants to the extent that it is not immediately apparent that the proposed defense would be futile with regard to Plaintiff's state law claim against Coral Gables. Although the statute applies only when officers arrest individuals whose conduct created "a threat

---

[3] Defendants do not argue that Fla. Stat. § 509.143(3) provides immunity for Plaintiff's federal claims against Izquierdo and Escalona. *See generally* ECF No. [74].

to the life or safety of the person or others[,]" Fla. Stat. § 509.143(a)-(b), and Plaintiff argues that the video footage and Coral Gables' corporate representative's testimony suggest that Plaintiff was not creating a threat to the life or safety of others, the record evidence also suggests that Plaintiff was behaving in a threatening manner. *See* ECF No. [69-1] at 28. Given the conflicting evidence, the Court declines to weigh the evidence – or to be more precise, adopt Plaintiff's representation of the evidence – and make a factual finding that Plaintiff was not posing a threat to life or safety. Further, the Court notes that Plaintiff has failed to provide any legal authority that Fla. Stat. § 509.143(3) does not provide immunity for municipalities, and Defendant has set forth a colorable argument the statute provides immunity for Izquierdo and Escalona's actions under state law and thereby foreclose any state law vicarious liability claim against Coral Gables. In sum, the Court is not persuaded that the proposed defense would be futile as to Plaintiff's state law claim against Coral Gables.[4]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion, **ECF No. [69]**, is **GRANTED**. The Court's deadline to amend pleadings is extended for the limited purpose of allowing Defendants to amend their Answer. Defendants shall re-file their Amended Answer by no later than **June 29, 2022**.[5]

---

[4] The Court reserves ruling on whether the proposed defense actually does provide immunity for Defendants' Motion for Summary Judgment. *See* ECF No. [82].

[5] Defendants need not file an Amended Motion for Summary Judgment given that the pending Motion for Summary Judgment raises the proposed defense. *See* ECF No. [82].

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 24, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record